UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SHAVERS,

      Plaintiff,

Case No. 1:15-cv-222

Hon. Robert J. Jonker

vs.

UNKNOWN SHARP, *et al.*,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**

    **I.**    **Background**

Plaintiff, a prisoner in the custody of the Michigan Department of Corrections (MDOC) has filed this *pro se* civil rights action against defendants pursuant to 42 U.S.C. § 1983. Because plaintiff had filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he was barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).[1] Consequently, plaintiff was responsible for paying a filing fee in this action and for arranging service of the summons and complaint on the 15 defendants (Sharp, Parish, Clouse, Cromley, Bromley, Thomas, Weaver, Aron, Riggs, Natalie, Olinczax, Myers, Nalley, Siebert and Sanders). The record reflects that plaintiff acted as his own process server by mailing defendants' summonses to the prison's litigation coordinator. *See* Envelopes and Summonses (docket nos. 10-2 and 10-3). This matter is now before the Court on defendant Aron, Bromley, Clouse, Myers, Nalley, Olinczax, Riggs, Sanders, Sharp, Siebert, Thomas and Weaver's "Motion to dismiss for insufficient service of process" (docket no. 9) and plaintiff's "Motion for reissuance of summons, motion for

_____

[1] *See, e.g., Shavers v. Bauman*, No. 2:10-cv-52 (Order) (docket no. 4).

extension of time to have service of summons and complaint effected upon the defendants agent via certified mail by non-party" (docket no. 14).[2]

## II. Defendants' motion to dismiss for insufficient service

### A. Legal Standard

Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. In such cases, the plaintiff bears the burden of proving that proper service was effected. *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich.1994). *See LSJ Investment Company, Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999) "actual knowledge and lack of prejudice cannot take the place of legally sufficient service"). In resolving a motion to dismiss for ineffective service under Fed. R. Civ. P. 12(b)(5), the court court may construe the motion as a motion to quash service. *See Young's Trading Company v. Fancy Import, Inc.*, 222 F.R.D. 341, 342-43 (W.D. Tenn. 2004) ("[w]here service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case") (citing *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir.1976)). In this regard, the Sixth Circuit has expressed a preference to treat the first motion for improper service as a motion to quash. *See Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1953) ("if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later"). *See also, Daley v. ALIA*, 105 F.R.D. 87, 89 (E.D. N.Y.1985) ("[w]hen the gravamen of defendant's motion is insufficiency of process, however, the motion must be treated as one to quash service, with leave to

---

[2] Defendants Parish, Cromley, and Natalie have neither been served nor joined in the motion to dismiss.

plaintiffs to attempt valid service"). Under the circumstances of this case, the court views defendants' Rule 12(b)(5) motion as one to quash service of process rather than as one to dismiss the action. *See Haley*, 529 F.2d at 79; *Stern*, 200 F.2d at 795; *Young's Trading Company*, 222 F.R.D. at 342; *Daley*, 105 F.R.D. at 89.

### B. Discussion

"The plaintiff generally bears responsibility for appointing an appropriate person to serve a copy of his complaint and the summons upon a defendant." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Here, defendants point out that plaintiff improperly attempted to serve summonses without engaging a third-party process server as required by Fed. R. Civ. P. 4(c)(2), which provides that "[a]ny person who is at least 18 years old **and not a party** may serve a summons and complaint" (emphasis added). "Rule 4(c) expressly and clearly prohibits a plaintiff from effectuating service on a defendant." *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007). Accordingly, defendants Aron, Bromley, Clouse, Myers, Nalley, Olinczax, Riggs, Sanders, Sharp, Siebert, Thomas and Weaver's motion to quash should be granted as to these improperly served summonses.

### III. Plaintiff's motion for an extension of time to serve defendants

Without explicitly conceding the motion to dismiss, plaintiff moved for an extension of time to serve defendants pursuant to Fed. R. Civ. P. 4(m). Plaintiff proposes have a third-party (his sister) serve defendants via certified mail as allowed under Michigan law. *See* Motion for extension, PageID.221. Plaintiff also proposes to serve the prison litigation coordinator as the agent of all 15 defendants. *Id.* at PageID.219-221.

### A.     Extension of time

The time limit for service is set forth in Fed. R. Civ. P. 4(m), which provides in pertinent part that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

As discussed, plaintiff failed to serve defendants within 120 days after he filed the complaint on March 2, 2015.  To seek relief under Fed. R. Civ. P. 4)(m), plaintiff must demonstrate good cause for failing to make timely service.  *See Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994). In determining whether a plaintiff has shown good cause for this failure, Courts consider various factors including whether:

> (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process.

*Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001), citing *Wise v. Department of Defense*, 196 F.R.D. 52, 57 (S.D. Ohio 1999).  Based on this record, it is unclear whether plaintiff acted in good faith by attempting to serve defendants contrary to the court rules.  Nevertheless, on balance, the Court concludes that plaintiff has shown good cause for failing to serve defendants within the allotted time frame.   Defendants have actual knowledge of the lawsuit and have not advised the Court of any prejudice they would suffer if plaintiff is granted an extension.  Indeed,

defendants did not respond to plaintiff's motion. Accordingly, plaintiff's motion should be granted to the extent it seeks an extension of time to serve defendants.

### B. Service on prison litigation coordinator

Plaintiff stated that his sister will serve defendants via certified mail as allowed under Michigan law, and apparently asks that she be allowed to serve the prison litigation coordinator is the agent for the 15 defendants.

Fed. R. Civ. P. 4(e) provides in pertinent part that "Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" The applicable state law in this case is MCR 2.105(A), provides that:

> Process may be served on a resident or nonresident individual by
>
>> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>>
>> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

MCR 2.105(A).

Plaintiff appears to be relying on MCR 2.105(H), which allows for service on an agent under certain circumstances:

> (1) Service of process on a defendant may be made by serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process.

5

> (2) Whenever, pursuant to statute or court rule, service of process is to be made on a nongovernmental defendant by service on a public officer, service on the public officer may be made by registered mail addressed to his or her office.

MCR 2.105(H).

Plaintiff has presented no evidence that the 15 defendants executed a "written appointment" authorizing the prison's litigation coordinator to accept service for them. *See* MCR 2.105(H)(1). Plaintiff apparently contends the litigation coordinator acts as defendants' agent to accept service under MDOC Policy Directive 02.01.102 ("Litigation - Department and Employee Responsibilities"). However, plaintiff cites no language within that policy directive to support this contention.[3] This Court is not required to scour the record for potential arguments on his behalf. *Browder v. Ankrom*, 473 Fed.Appx. 499, 500 (6th Cir. 2012). Accordingly, plaintiff's motion should be denied to the extent it seeks authority to serve the prison litigation coordinator as the agent for the individual defendants.

### IV. Recommendation

For the reasons set forth above, I respectfully recommend that defendants' motion to dismiss for insufficient service (docket no. 9) be **GRANTED** and that the summonses served on defendants Aron, Bromley, Clouse, Myers, Nalley, Olinczax, Riggs, Sanders, Sharp, Siebert, Thomas and Weaver be **QUASHED**.

I further recommend that plaintiff's motion for an extension of time to serve defendants (docket no. 14) be **GRANTED** to the extent it seeks an extension of time and **DENIED**

---

[3] In this regard, the Court notes that it is the individual MDOC employee, not the prison litigation coordinator, who executes a waiver of service in prisoner civil rights actions.

to the extent it authorizes plaintiff to serve the prison litigation coordinator as the agent of defendants.

I further recommend that plaintiff be given an additional **60 days** in which to serve defendants.

Entered: November 20, 2015                  /s/ Ray Kent
                                            RAY KENT
                                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).