UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SHAVERS,

        Plaintiff,

        CASE NO. 1:15-CV-222

v.

        HON. ROBERT J. JONKER

UNKNOWN SHARP, *et al.*,

        Defendants.

_____/

### ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION and AFFIRMING MAGISTRATE JUDGE'S DECISION

*1.*    *Report and Recommendation*

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (docket # 19) and Plaintiff's Objections to the Report and Recommendation (docket # 20). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.  After its review, the Court finds that Magistrate Judge Kent's Report and Recommendation is factually sound and legally correct.

In the Report and Recommendation, the Magistrate Judge recommends that Defendants' motion to dismiss for insufficient service (docket # 9) be granted and that the summonses served on defendants Aron, Bromley, Clouse, Myers, Nalley, Olinczax, Riggs, Sanders, Sharp, Siebert, Thomas, and Weaver, be quashed.  The Magistrate Judge also recommends that Plaintiff's motion for an extension of time to serve defendants be granted to the extent it seeks an extension of time and denied to the extent it authorizes plaintiff to serve the prison litigation coordinator as the agent of defendants.  The Magistrate Judge recommends giving plaintiff an additional 60 days in which to serve defendants.  Plaintiff objects only that the Magistrate Judge should have ordered explicitly that a new summons issue reflecting the extension of the deadline for service.  The Report and Recommendation addresses the issue implicitly by recommending an extension, and the Court will order that a new summons issue to reflect the recommended extension.

2.   *Appeal of Magistrate Judge's Decision*

In his Objections, Plaintiff also expresses disagreement with the Magistrate Judge's Order (docket # 18) denying Plaintiff's *ex parte* "Motion for issuance of order by the court that MDOC and/or ECF Warden Curtin shall retain, and secure all reports, files, records, videos and memos that pertain to March 6, 2012 and March 7, 2012 alleged use of force upon plaintiff pending resolution of the plaintiff's filed civil complaint (docket # 3).  This has nothing to do with the Report and

Recommendation and is not a proper basis for objection. It is more properly characterized as an appeal of the Magistrate Judge's Order.

In considering an appeal of a magistrate judge's ruling on a nondispositive pretrial motion, the Court applies a "clearly erroneous or contrary to law" standard of review. *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)); *accord Brown v. Wesley's Quaker Maid, Inc* ., 771 F.2d 952, 954 (6th Cir. 1985) (citing 28 U.S.C. § 636(b)(1)(a)); *see also* FED. R. CIV. P. 72(a) (District judge must consider timely objections to nondispositive pretrial orders of magistrate judge and modify or set aside any part of order that is clearly erroneous or is contrary to law.) A finding is "clearly erroneous" when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court finds no error in the Magistrate Judge's ruling. On the contrary, the Magistrate Judge's ruling is entirely appropriate. As the Magistrate Judge's Order points out, there is simply no basis to grant plaintiff's *ex parte* request for relief against non-parties in the case.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 19) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Insufficient Service (docket # 9) is **GRANTED**, and the summonses served on Defendants Aron, Bromley, Clouse, Myers, Nalley, Olinczax, Riggs, Sanders, Sharp, Siebert, Thomas, and Weaver are **QUASHED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Extension of Time to Serve Defendants (docket # 14) is **GRANTED** to the extent it seeks an extension of time and **DENIED**

to the extent it authorizes plaintiff to serve the prison litigation coordinator as the agent of Defendants.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **REISSUE** summonses having an expiration date of 60 days from the date of issuance.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Order (docket # 18) denying Plaintiff's *ex parte* "Motion for issuance of order by the court that MDOC and/or ECF Warden Curtin shall retain, and secure all reports, files, records, videos and memos that pertain to March 6, 2012 and March 7, 2012 alleged use of force upon plaintiff pending resolution of the plaintiff's filed civil complaint" is **AFFIRMED**.

Dated:     March 14, 2016            /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    CHIEF UNITED STATES DISTRICT JUDGE