UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SHAVERS,

    Plaintiff,

Case No. 1:15-cv-222

Hon. Robert J. Jonker

v.

UNKNOWN SHARP, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

    **I.**    **Background**

This is a *pro se* civil rights action brought by a state prisoner. Plaintiff has filed an 81-page complaint against 15 employees of the Michigan Department of Corrections (MDOC) identified as defendants Sharp, Parish, Clouse, Cromley, Bromley, Thomas, Weaver, Aron, Riggs, Natalie, Olinczax, Myers, Nalley, Siebert and Sanders. Because plaintiff has a history of filing frivolous lawsuits in this Court, he is not allowed to proceed *in forma pauperis* (*IFP*) under the "three strikes" rule, 28 U.S.C. § 1915(g). *See Shavers v. Bauman*, 2:10-cv-52 (Order) (docket no. 5) (W.D. Mich. April 19, 2010). Here, plaintiff avoided the filing restriction posed by the "three strikes rule" by paying the filing fee. However, because plaintiff is not proceeding *IFP*, he is responsible for serving a summons and complaint on each defendant.

The Clerk's Office issued summonses for all 15 defendants on May 12, 2015. Because plaintiff tried to serve the summons and complaint himself, the Court quashed his improper attempts to serve 12 of the 15 defendants (Aron, Bromley, Clouse, Myers, Nalley, Olinczax, Riggs, Sanders, Sharp, Siebert, Thomas, and Weaver). *See* Report and Recommendation (R&R) (docket

no. 19); Order adopting R&R (docket no. 22). After quashing the summonses, the Court ordered the Clerk of the Court to reissue summonses to defendants "having an expiration date of 60 days from the date of issuance." *See* Order adopting R&R at PageID.259. The Clerk reissued summonses for these 12 defendants on March 14, 2016.

There is no evidence that plaintiff properly served the three other defendants, Cromley, Natalie and Parish. In this regard, on April 18, 2016, the Court denied plaintiff's request for entry of default judgment against defendant Parish, noting that "the Clerk's office has not (and in fact could not) enter a default against Parrish [sic] pursuant to Fed. R. Civ. P. 55(a), because there is no evidence that Parrish [sic] was served pursuant to Fed. R. Civ. P. 4(c)(2)." *See* Order (docket no. 25).

On May 26, 2016, plaintiff filed motions seeking entry of default against defendants Clouse and Olinczax (docket no. 26) and defendants Weaver, Riggs and Nalley (docket no. 28). Then, on July 1, 2016, plaintiff moved for entry of default against defendants Parish, Sanders, Aron and Thomas (docket no. 32). Plaintiff also filed a "Motion to find service was effected upon named defendants [Myers, Parish, Aron, Thomas and Sanders], and order defendant's [sic] file an answer or in the alternative plaintiff's request for entry of default against defendants" (docket no. 31). Plaintiff filed these motions because his sister, Mrs. Katherine Rivers, reportedly served these

defendants with copies of the summons and complaint via certified mail.[1]  *See* Katherine Rivers Decl. (docket no. 27-3).

However, Mrs. Rivers did not serve defendants with the summonses reissued on March 14, 2016.  Rather, Mrs. Rivers stated that she mailed copies of the summons and complaints to defendants in January 2016 (while the undersigned's report and recommendation on defendants' motion to quash was pending before the District Judge).  *Id*.

Mrs. Rivers' service was ineffective for two reasons.  First, in her declaration, Mrs. Rivers stated that she mailed defendants copies of the summons, as opposed to the original summonses.  *See* Fed. R. Civ. P. 4(b) ("If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."); *United States v. National Muffler Manufacturing, Inc.*, 125 F.R.D. 453, 455 (N.D. Ohio 1989) ("It is apparent to this Court that the content of the summons issued to defendant did not conform to the requirements of Rule 4(b).  Although the original summons was duly signed by the Clerk and sealed by the Court, the [unsigned and unsealed] summons received by defendant bore neither indicia of authenticity.").  Similarly, the copies of the summonses mailed by Mrs. Rivers would not have born an original signature or seal.  Second, even if Mrs. Rivers had mailed the original summonses (i.e., that plaintiff did not mail defendants the original summonses back in 2015), those summonses were invalid, having expired

---

[1] *See* Fed. R. Civ. P. 4(e)(1) ("an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . ."); M.C.L. § 2.105(A) (under Michigan law, "Process may be served on a resident or nonresident individual by (1) delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.  Service is made when the defendant acknowledges receipt of the mail.  A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).").

on September 9, 2015 (120 days after issuance on May 12, 2015). *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").[2]

For his part, plaintiff was aware that his sister was attempting to serve expired summonses in January 2016. The Court reaches this conclusion because plaintiff had filed a motion back on September 23, 2015 seeking to extend time to serve the complaint and reissue the summonses, stating in pertinent part that he was "mindful of Fed. R. Civ. P. (4)(m) 120 days expiration date for service of summons and complaint upon the defendants." Motion (docket no. 14, PageID.220).

Finally, plaintiff filed a "Motion for extension of time to serve summons and complaints on three defendants (Sharp, Bromley and Seibert) and motion for reissue of summons" (docket no. 34). In his final motion, plaintiff stated that due to an employment conflict, Mrs. Rivers was unable to serve defendants Bromley, Sharp and Seibert "within the Court's extended new due date of May 14, 2016," and asked for a 60-day extension to serve these three defendants. Motion for extension of time (docket no. 34).

## II.     Discussion

### A.     Motions for entry of default

Since no defendants have been served with either the original or re-issued summonses, plaintiff is not entitled to entries of default under Fed. R. Civ. P. 55(a) ("When a party

---

[2] The Court notes that effective December 1, 2016, the time limit for service under Fed. R. Civ. P. 4(m) was reduced from 120 days to 90 days.

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Accordingly, plaintiff's motions for entries of default (docket nos. 26, 28 and 32) should be denied.

### B. Defendants Parish, Cromley and Natalie

Plaintiff has not served these three defendants and has not sought an extension of time to serve them. Accordingly, these defendants should be dismissed for lack of service pursuant to Fed. R. Civ. P. 4(m).

### C. Extension of time to serve Defendants Aron, Bromley, Clouse, Myers, Nalley, Olinczax, Riggs, Sanders, Sharp, Siebert, Thomas, and Weaver

With respect to plaintiff's other motions (docket nos. 31 and 34), the Court concludes that plaintiff should not be granted another extension of time to serve these defendants. Plaintiff bears the burden of establishing "good cause" for failing to obtain timely service on a defendant under Fed. R. Civ. P. 4(m). Whether a plaintiff has established good cause is a discretionary determination entrusted to the trial court. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991). As one court explained:

> It is the plaintiff's burden to show that good cause exists. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir.1991). Good cause may exist if the defendant intentionally evades service, however, the plaintiff's failure to obtain proper service of process, even if inadvertent, is not enough to establish good cause. *See id*. Actual notice and lack of prejudice to the defendant are likewise insufficient to establish good cause. *See Moncrief v. Stone*, 961 F.2d 595, 596-97 (6th Cir.1992).

*Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 324 (E.D. Mich. 2001).

This Court has already granted plaintiff one extension of time to serve these 12 defendants. As discussed, plaintiff did not attempt to serve the re-issued summonses pursuant to the

5

Court's March 14, 2016 Order. Rather, plaintiff tried to have his sister serve defendants while the R&R on the motion to quash was pending, even though he knew that the summonses had expired and needed to be re-issued. As discussed, plaintiff has submitted an affidavit trying to explain why Mrs. Rivers could not serve three defendants, Bromley, Sharp and Seibert, during the 60 day window for service of the reissued summonses, stating that from April 13, 2016 to May 19, 2016, she was out of state on a job assignment. Plaintiff's Motion/Affidavit (docket no. 34, PageID.334-335). The Court notes that Mrs. Rivers, plaintiff's *de facto* process server, has not filed a declaration or affidavit explaining her attempts to serve these defendants. Furthermore, plaintiff has presented no evidence that he provided his sister with the reissued summonses for service on these defendants. The exhibits to plaintiff's motion consist of photographs of packages addressed to defendants Gromley and Natalie which were rejected on January 14, 2016, before the Court reissued the summonses. *See* Photographs (docket no. 34-1, PageID.338-339).

      Here, plaintiff's first attempt at service exhibited a total disregard for the Federal Rules of Civil Procedure and was quashed. Plaintiff's second attempt to have his sister serve some of the defendants in January 2016 was not taken in good faith. As discussed, plaintiff knew that the summonses were expired at that time and needed to be re-issued, yet he attempted to have his sister serve defendants before the Court ruled on the motion to quash. Finally, there is no evidence that plaintiff tried to serve defendants in accordance with the Court's March 15, 2016 order. The fact that plaintiff's sister was away from her home during some of the 60-day service extension period does not absolve plaintiff of his responsibility to serve defendants within the time ordered by the Court. Plaintiff could have hired a process server rather than rely on his sister.

Plaintiff's status as a *pro se* litigant does not provide good cause for granting him another extension of time. Due to his history of filing frivolous lawsuits, plaintiff is barred from proceeding *IFP* due to the "three strikes" rule. Because he is a restricted filer, plaintiff is not entitled to free service of process by the United States Marshals Service. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) (The court must order service of a summons and complaint by the Marshals Service "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915"). Rather, plaintiff must find a process server and pay for service of process like any other *pro se* litigant. "[A] willfully unrepresented plaintiff volitionally assumes the risks and accepts the hazards which accompany self-representation." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (emphasis omitted). *See McNeil v. United States*, 508 U.S. 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Eagle Eye Fishing Corporation v. United States Department of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) ("While courts have historically loosened the reins for pro se parties, the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law.)" (internal citations and quotation marks omitted). For these reasons, plaintiff's motions for another extension of time to serve defendants should be denied and this case dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

### III. Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's motions for entry of default (docket nos. 26, 28 and 32) be **DENIED**.

I further recommend that plaintiff's motions for an extension of time to serve defendants (docket nos. 31 and 34) be **DENIED**.

I further recommend that all of plaintiff's claims be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 4(m).

Dated: February 23, 2017          /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).